THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHAYNE E. TODD,<br><br>                Petitioner,<br><br>v.<br><br>BRIAN NIELSON et al.,<br><br>                Respondents. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:19-CV-700-DBB<br><br>District Judge David Barlow |

Having thoroughly reviewed this federal habeas petition and all materials on the docket,[1] the Court agrees with Respondent that the Amended Petition lacks merit. (ECF Nos. 12, 28.) The Amended Petition, seeking "immediate release," (ECF No. 12, at 8), is therefore dismissed.

## I. BACKGROUND

In 2001, Petitioner pled guilty to possession of a dangerous weapon by a restricted person, then was convicted by a jury of first-degree murder. *Todd v. Bigelow*, 534 F. App'x 748, 749 (10th Cir. 2013) (unpublished), *cert. denied,* 571 U.S. 1138 (2014). He was sentenced to one-to-fifteen years on the weapon conviction and five-years-to-life for murder, to be served consecutively to an existing term for a robbery conviction. *Id.*; (ECF No. 13, at 2). Petitioner's

---

[1] The original Petition, (ECF No. 1), was amended and supported by an affidavit, (ECF Nos. 12, 13). Respondent answered the Amended Petition. (ECF Nos. 12, 28.) In sum, Petitioner's filings from the Amended Petition through now add up to 19 documents, with 593 pages--much of it featuring dense prose and plenty of repetition--all of which the Court has reviewed in detail to fully understand Petitioner's arguments. (ECF Nos. 12-16, 19-20, 23-24, 29-30, 32-39.) However, the claims themselves are gleaned only from the Amended Petition and memorandum in support. (ECF No. 12.)

direct appeals and five state post-conviction petitions were unsuccessful. *Todd*, 534 F. App'x at 749-50; (ECF No. 28, at 14).

On November 15, 2010, the Utah Board of Pardons and Parole (UBPP) issued a decision that Petitioner's next rehearing is scheduled for February 2029. (ECF No. 13-1.) A UBPP "redetermination review" held on February 5, 2019 stated no change in the scheduled rehearing for February 2029. (ECF No. 28, at 32.)

Petitioner went on to file in state court seven unsuccessful Rule 22(e) motions seeking to correct an allegedly illegal sentence, judgment and commitment. (ECF Nos. 12-4, at 2; 12-9, at 2; 28, at 13.)

On March 23, 2012, Petitioner filed in this Court a § 2254 petition, asserting prosecutorial misconduct and jury-instruction errors, among other things. *Id.* at 750. The petition was dismissed because it was barred by the period of limitation. *Id.* The Tenth Circuit denied a certificate of appealability and dismissed the appeal. *Id.* at 751.

In this current federal action, Respondent answered the Amended Petition with arguments and a specific request for dismissal of the Amended Petition. (ECF No. 28.)

## II. § 2241 ISSUES

Petitioner specified this habeas-corpus petition is brought under 28 U.S.C.S. § 2241 (2022). Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2022). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence . . . ." *McIntosh v. United States Parole Comm'n*,

115 F.3d 809, 811 (10th Cir. 1997). Still, both kinds of actions qualify as habeas proceedings because they "attack[] the fact or duration of a prisoner's confinement and seek[] the remedy of immediate release or a shortened period of confinement." *Id.* at 812.

Petitioner generally states the purpose of his petition as a challenge to "how his sentence is being carried out, calculated, and credited by the Utah State Prison and Utah parole authorities." (ECF No. 12, at 10.) Such a challenge is properly brought under § 2241. He specifically argues that UBPP and UDOC are invalidly executing his sentence based on the following concerns: (1) The length of stay (LOS) per inmate in the state prison system "has increased 28 percent, over the last ten years," which shows that UBPP "should improve its tracking of key data elements such as LOS to better understand how its decisions affect criminal justice in Utah." (ECF No. 12, at 11-12); (2) UBPP's "decision-making process relies on board members' handwritten notes, which are unclear and subject of misinterpretation," so Petitioner "is concerned in this petition and/or case that information is being misinterpreted, inaccurately entered or manipulated." (*Id.* at 14); (3) "When Petitioner . . . was sentenced in 2001 . . . a criminal history assessment in accordance with the [Utah sentencing] guidelines" was prepared "and calculated a term of incarceration of 26-1/2 years," which Petitioner refers to as his "reasonable expectation" of what "would turn out in fact to be [his] actual prison term." (*Id.* at 15-16); (4) Respondent Nielson, the executive director of the Utah Department of Corrections, "fail[ed] to establish a system by which [Petitioner] could effectively challenge the computation of his sentence." (*Id.* at 34); (5) Petitioner was not appointed counsel in his Rule 22(e) motions seeking to correct an allegedly illegal sentence, judgment and commitment, (*id.* at 37-40); and (6) application of Utah Code § 76-3-401 (2022), allegedly "limit[ing] the actual time

Petitioner . . . can serve to no more than thirty years," invalidates any length of time Petitioner may serve over thirty years, (ECF No. 12, at 32).

## A. STANDARD OF REVIEW

Respondent's answer is the equivalent of a motion to dismiss. A motion to dismiss may be granted when the petition has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most favorable to the non-moving party. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, a petition must present factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

A *pro se* petition must be broadly construed under this standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the generous construction to be given the *pro se* litigant's allegations "does not relieve the [petitioner] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997) (holding courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf"). A court evaluating a Rule 12(b)(6) motion to dismiss may consider the petition as well as any documents attached to it as exhibits. *Hall*, 935 F.2d at 1112.

### B. FAILURE-TO-STATE-A-CLAIM ANALYSIS

**1. Issue regarding the increasing LOS which shows that UBPP "should improve its tracking of key data elements such as LOS to better understand how its decisions affect criminal justice in Utah**."

The Court interprets this as an attack on increasing LOS for UDOC inmates and for Petitioner.

**a. Standing**.

Inasmuch as the Amended Petition seeks relief for the entire population of UDOC inmates under potential review for parole by UBPP, Petitioner is notified that he has no standing, as a *pro se* petitioner, to represent anyone but himself. It is true that sometimes one person can pursue an action for someone else. *Sutton v. Do*e, 736 F. App'x 212, 213 (10th Cir. Aug. 31, 2018) ("Under certain limited circumstances, a 'next friend' can pursue an action on behalf of another. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). However, pro se litigants, as [Petitioner] is in this case, may not bring 'next friend' suits. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)."). Any such arguments (like this one) which may seek relief on behalf of others are therefore disregarded and dismissed. (ECF No. 12, at 11-12.)

**b. No federal right to parole**.

LOS within a valid sentence could never be a valid federal habeas claim. There is a difference between length of stay and length of sentence. The sentence was determined by the trial court at the time of conviction, not during UBPP's review of the term of service (or LOS) within the sentence. UBPP is never in a position to increase Petitioner's LOS beyond his trial-court-imposed sentence of five-years-to-life and has not done so here.

Further, under the United States Constitution, Petitioner has no right to ever be considered for parole and has no right to be released before the end of his sentence--i.e., the end of his life. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). So UBPP cannot have violated the Constitution or federal law here, no matter how long it determines Petitioner should serve, up to the entire length of sentence of life in prison.

**2. Issue regarding UBPP's decision-making process that allegedly "relies on board members' handwritten notes, which are unclear and subject of misinterpretation."** (ECF No. 12, at 14.)

Here, Petitioner expresses his general concern that the practice of relying on handwritten notes means that "information is being misinterpreted, inaccurately entered or manipulated." (*Id.*)

First, Petitioner is once again cautioned about the need for standing. Insofar as Petitioner suggests the reliance on allegedly unclear and insecure handwritten notes is an issue he also raises for other inmates, he may not do so. Petitioner may raise issues only directly affecting himself. *See Meeker*, 782 F.2d at 154.

Second, Petitioner is advised that, just because something is a concern or does not seem quite right to him, does not mean that there has been a federal constitutional violation. Indeed, he has not shown that this alleged note-taking habit actually led to an error in calculating his particular length of imprisonment within his valid sentence.

But, if Petitioner is asserting that this is perhaps a due-process issue that may unconstitutionally increase his LOS, his assertion is invalid. As stated above, UBPP is never in a valid position to increase Petitioner's LOS beyond his trial-court-imposed sentence of five-years-

to-life. Whether it relies on handwritten notes or computer-entered information, to determine LOS, UBPP cannot have violated the United States Constitution here, regardless of Petitioner's LOS, up to life in prison. Again, under the United States Constitution, Petitioner has no right to ever be considered for parole and has no right to be released before the end of his sentence--i.e., the end of his life. *Greenholtz*, 442 U.S. at 7.

**3. Issue regarding Petitioner's expectation to serve 26-1/2 years, based on "a criminal history assessment [under Utah sentencing] guidelines."** (ECF No. 12, at 15-16.)

Petitioner argues that UBPP should not be able to "increase" his LOS past the state's "matrix" recommendation of 26.5 years. However, Petitioner filed this petition in 2019, already complaining that the UBPP should not be able to exceed his 26.5-year matrix, when his sentence was not even pronounced until 2001. Therefore, the very earliest the period recommended by the matrix could expire is 2027. Any arguments of this nature are therefore premature. But, again, such argument would be irrelevant under the United States Constitution because there is no federal right to be released before the end of his sentence. *See Greenholtz*, 442 U.S. at 7.

**4. Issue alleging UDOC did not create a system for Petitioner to challenge his sentence computation.** (ECF 12, at 34.)

This is not an appropriate issue for federal habeas review. The state sentenced Petitioner to a life term, which requires no computation. If Petitioner is attacking the lack of a system by which to challenge his LOS within his valid life sentence, he may not do so under the United States Constitution, under which Petitioner has no right to leave prison before his life sentence is carried out. *See Greenholtz*, 442 U.S. at 7.

**5. Failure to appoint counsel in state post-criminal-judgment Rule 22(e) proceedings**.

"There is no [federal] constitutional right to counsel beyond the direct appeal of a criminal conviction . . . ." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Thus, on this federal sentence-execution challenge, failure to appoint counsel on a post-judgment motion may not be deemed a federal constitutional violation leading to release from custody.

**6. Whether application of Utah Code § 76-3-401 (2022), allegedly "limit[ing] the actual time Petitioner . . . can serve to no more than thirty years," (ECF No. 12, at 32), creates a federal issue as to sentence execution.**

Petitioner raised this issue in state court, under Utah Rule of Criminal Procedure 22(e), challenging the legality of his sentence. (ECF No. 12-9, at 2.) Because Petitioner was sentenced to consecutive terms of one-to-fifteen years and five-years-to-life, he argued that § 76-3-401 limited his maximum sentence to thirty years. (*Id.*) Section 76-3-401(6) reads: "If a court imposes consecutive sentences, the aggregate maximum of all sentences imposed may not exceed 30 years imprisonment, except . . . if . . . an offense for which the defendant is sentenced authorizes . . . a maximum sentence of life imprisonment . . . ." Utah Code Ann. § 76-3-401(6) (2022). Addressing Petitioner's argument, the Utah Court of Appeals concluded,

> Because one of the offenses for which Todd was sentenced authorizes a maximum sentence of life imprisonment, the aggregate maximum described in Utah Code section 76-30-401(6)(a) does not apply. Therefore, the district court did not impose an illegal sentence under subsection (6)(a) nor is the Board of Pardons required to treat the maximum sentence as thirty years.

(ECF No. 12-9, at 3.)

8

Even if the Utah courts were somehow in error about this statute's application, the United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). The Supreme Court has repeatedly emphasized "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68 (citing 28 U.S.C.S § 2241 (2022)). Thus, any of Petitioner's claims--based on alleged state-law violations--do not raise federal challenges; and federal habeas review of state-law-based claims is therefore unwarranted. *See Larson v. Patterson,* 2:09-CV-989-PMW, 2011 U.S. Dist. LEXIS 3831, *5-6, 2011 WL 129485 (D. Utah Jan. 14, 2011) ("Petitioner's first argument that the trial court should have . . . dismissed the charges against him is based entirely on state law. . . . Therefore, this Court will not further consider this state-law-based argument."); *see also Scott v. Murphy*, 343 F. App'x 338, 340 (10th Cir. 2009) (rejecting petitioner's claim that "involve[d] purely matters of state law").

### III. § 2254 ISSUES

Though he does not designate them as such, other of Petitioner's arguments appear to fall under § 2254, which is "used to collaterally attack the validity of a conviction and sentence." *McIntosh*, 115 F.3d at 811. Here, Petitioner apparently disputes: (1) "the legality of the indeterminate prison terms imposed by the trial court in 2001," (ECF No. 12, at 21); (2) "the legality of the sentence(s) imposed by the trial court in 2001," because "the court ordered 'count

9

1 and count 2 to run consecutive' [and] also this case is to run consecutive with any others [Petitioner] is serving time on," which "virtually guarant[ees] that a clerical error under Utah R. Crim. P. 30(b) exist[s] permitting a court to correct an illegal sentence under Utah R. Crim. P. 22(e)," (*id.* at 29-30); (3) the legality of his guilty plea, because it was "not enter[ed] . . .with the assistance of his own attorney, nor was rule 11 followed during the plea colloquy," "any plea affidavit was not incorporated into the record," "the court never discussed a factual basis of the plea on the record," and "Petitioner was never told of any time limits on his right to file a motion withdraw his plea," (*id.* at 30-31); (4) "whether [the] trial court can impose separate sentences for different offenses," (*id*. at 31); and (5) whether Utah Code § 76-3-401 "limits the actual time Petitioner . . . can serve to no more than thirty years," (*id.* at 32).

### A. SECOND-OR-SUCCESSIVE STANDARD

By bringing the foregoing challenges, Petitioner attacks the same conviction and sentence that he challenged in a past unsuccessful petition in this Court. *See Todd v. Bigelow*, No. 2:12-CV-282 CW (D. Utah denied Mar. 22, 2013) (granting motion to dismiss based on untimely filing), *denying certificate of appealability and dismissing appeal,* 534 F. App'x 748 (10th Cir. 2013), *cert. denied*, 571 U.S. 1138 (2014). That renders the portion of the petition construed under § 2254 as "second or successive." U.S.C.S. § 2244(b) (2022).

The Court lacks jurisdiction over these § 2254 issues--deemed a second or successive habeas application--absent the Tenth Circuit Court of Appeals's prior authorization. *See id.* § 2244(b)(3)(A). Because Petitioner has not sought such authorization, the petition's merits may not be considered.

### B. TRANSFER TO 10TH CIRCUIT NOT IN "INTEREST OF JUSTICE"

This misfiled petition may be transferred to the court of appeals "if . . . it is in the interest of justice." *Id*. § 1631. In determining here that a transfer would not be in the interest of justice, the Court has examined whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

For the following reasons, it is clear that transfer would not be in the interest of justice.

**1. Period of limitation**

All the § 2254 claims posed by Petitioner would be untimely and therefore not cognizable if Petitioner were to try to raise them at this point. Petitioner's petition in an earlier case in this Court was denied because it was filed past the period of limitation, with the denial being upheld all the way to the United States Supreme Court. *See Todd*, No. 2:12-CV-282 CW (granting motion to dismiss based on untimely filing), *denying certificate of appealability and dismissing appeal,* 534 F. App'x 748 (10th Cir. 2013), *cert. denied*, 571 U.S. 1138 (2014). And any of the claims Petitioner suggests here could all have been brought in that original action. Petitioner identifies no new evidence or law. The claims therefore lack merit, and Petitioner should have known before filing them that they were not brought in good faith and that the Court lacked jurisdiction.

**2. Constitutionality of indeterminate sentencing scheme**

Alternatively, on § 2254 issue (1), Petitioner asserts that Utah's indeterminate sentencing scheme, under which--upon conviction--the trial judge imposes the sentence as a span of time, while the UBPP determines the exact time to be served within the span, is unconstitutional. The

11

same challenges already have been rejected by the Tenth Circuit. *See Straley v. Utah Bd. of Pardons*, 582 F.3d 1208 (10th Cir. 2009), *cert. denied*, 559 U.S. 991 (2010). Further, the Supreme Court has specified that indeterminate sentencing schemes are constitutional. *Blakely v. Washington*, 542 U.S. 296, 308 (2004). Claims on this issue are clearly foreclosed.

### 3. No violation of federal law

The § 2254 issues (2) through (5) raised by Petitioner are all apparently based on state law. Aside from the bar of the period of limitation, these would all be denied because they fail to raise a federal issue, as required in a federal habeas petition.

The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

Further, the Supreme Court has repeatedly emphasized "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 67-68 (citing 28 U.S.C.S § 2241 (2022)). Thus, Petitioner's claims--based on alleged violations of the state constitution and statute--do not raise federal challenges; further federal habeas review of these state-law-based claims would therefore be unwarranted. *See Larson v. Patterson,* 2:09-CV-989-PMW, 2011 U.S. Dist. LEXIS 3831 (D. Utah Jan. 14, 2011) (unpublished) ("Petitioner's first argument that the trial court should have . . . dismissed the charges against him is based entirely on state law. . . . Therefore, this Court will not further consider this state-law-based argument."); *see also Scott v. Murphy*, 343 F.

App'x 338, 340 (10th Cir. 2009) (rejecting petitioner's claim that "involve[d] purely matters of state law").

## IV. CONCLUSION

In sum, none of Petitioner's attacks on his sentence's execution are valid. Further, the Court lacks jurisdiction to review Petitioner's § 2254 claims in this second or successive petition; and, it is not in the interest of justice to transfer the case to the Tenth Circuit Court of Appeals.

**IT IS ORDERED** that:

**(1)** Respondent's motion for withdrawal of counsel is **GRANTED**. (ECF No. 27.)

**(2)** Petitioner's motions to strike Respondent's pleadings are **DENIED**. (ECF Nos. 29, 34.) The motions would more appropriately be designated as objections to the pleadings, and those objections have been taken into consideration here.

**(3)** This habeas-corpus petition and petition for writ of mandamus are **DENIED**, (*see* ECF Nos. 12, 39). Petitioner's execution-of-sentence challenges brought under § 2241 are dismissed with prejudice. See *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (stating dismissal "with prejudice" proper when court renders "disposition on the merits"). Due to its jurisdictional defect, Petitioner's attack on his conviction and sentencing under § 2254 is dismissed without prejudice. *See Palomarez v. Young*, 726 F. App'x 724, 724 (10th Cir. 2018) (unpublished) (denying certificate of appealability when district court dismissed second-or-successive § 2254 petition without prejudice for lack of jurisdiction because petitioner had not obtained authorization from Tenth Circuit to file second or successive § 2254 petition); *see also*

*Brereton*, 434 F.3d at 1216 ("[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice."). This action is **CLOSED**.

**(4)** A certificate of appealability is **DENIED**.

DATED this 13th day of September, 2022.

BY THE COURT:

_____
DAVID BARLOW
United States District Judge