UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHAYNE E. TODD,<br><br>        Petitioner,<br><br>v.<br><br>BRIAN NIELSON et al.,<br><br>        Respondents. | **MEMORANDUM DECISION & ORDER DENYING POST-JUDGMENT MOTIONS**<br><br>Case No. 2:19-cv-00700 DBB<br><br>District Judge David Barlow |

On September 13, 2022, the court denied Petitioner habeas relief, under 28 U.S.C.S. §§ 2241, 2254 (2026).[1] The § 2241 claims were rejected on the merits.[2] And the § 2254 claims were dismissed as second-or-successive challenges to the same conviction and sentence challenged in a prior § 2254 action.[3] On August 3, 2023, the Tenth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability.[4] Nearly three years later, Petitioner now moves to set aside the judgment under Federal Rule of Civil Procedure 60(b).[5]

## LEGAL STANDARDS

In relevant part, Federal Rule of Civil Procedure 60(b) reads:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] ECF No. 40.
[2] *Id.*
[3] *Id.*
[4] ECF No. 47.
[5] ECF No. 49.

>   (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
>   . . .
>   (6) any other reason that justifies relief.

In habeas cases, this rule intersects with the federal statute about second-or-successive habeas petitions. The applicable statutory language states:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-- . . .
> (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.S. § 2244(b)(1)(B) (2026).

Based on Tenth Circuit law, this court must determine "whether the motion is a true Rule 60(b) motion or a second or successive petition." *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006); *see also Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005) (clarifying that not all Rule 60(b) motions in federal habeas cases are second or successive petitions). This court may rule on true 60(b) arguments here. However, "second or successive" issues must be "certified by a panel of the [Tenth Circuit] pursuant to § 2244 before [they] may proceed in district court." *Spitznas*, 464 F.3d at 1215 (citing 28 U.S.C.S. § 2244 (2026)). *Gonzalez* explains that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* (citing *Gonzalez*, 545 U.S. at 538). However, Petitioner's arguments here appear to attack this court's allegedly mistaken application of the Fourteenth Amendment within its dismissal order, and its failure to allow him to amend

his petition before denying habeas relief.[6] These are apparently challenges to this court's alleged mistakes in its decision-making process, rather than to Petitioner's underlying conviction. The court thus proceeds to a discussion of Petitioner's Rule 60(b) issues.

## ANALYSIS

Petitioner's motion contends the judgment here should be set aside "due to fraud on the court, and deprivation of due process."[7]

As an initial matter, Petitioner's motion comes too late. A Rule 60(b) motion "must be made within a reasonable time—and for reasons of [mistake, new evidence, or fraud] no more than a year after entry of the judgment or order."[8] Petitioner's briefing cites various portions of Rule 60(b), making it difficult to discern precisely upon which portion of Rule 60(b) he relies. But whether the one-year time bar applies, or the less precise and potentially longer "reasonable time" period governs, this motion is time barred. As noted earlier, Petitioner's habeas motion was decided in September 2022. His appeal was decided in August 2023. Petitioner provides no explanation for why he needed to wait multiple years until March 2026 to file his Rule 60(b) motion. Therefore, his motion is untimely.

Nevertheless, the court discusses the motion briefly for completeness. Under the heading of fraud, Petitioner asserts, "The Court misconstrued 14th Amd, liberty interest claim(s)."[9] His entire argument consists of the following:

> In his denied petition Todd list - six - ground(s), that can be liberally be construed as follows: 1. Excessive sentence claim. 5th, 8th, 14th Amendment constitutional implications . . . 2.

---

[6] ECF No. 49.
[7] *Id.*
[8] Fed. R. Civ. P. 60(b).
[9] ECF No. 49.

> Deprivation of due process claim. 5th 14th Amendment
> constitutional implications . . . 3. Due process claim. 5th, 14th
> Amendment constitutional implications . . . 4. Due process claim.
> 5th 14th Amendment constitutional implications . . . 5. Denied
> counsel claim. 5th, 6th, 14th Amendment constitutional
> implications . . . 6. Excessive sentence and due process claim. 5th
> 8th 14th Amendment constitutional implications . . . Therein
> demonstrating federal constitutional claims and federal challenges.
> Thereby demonstrating fraud on the court.[10]

Based on Petitioner's *pro se* status, the court reads his arguments under a liberal construction. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, Petitioner's arguments here are incapable of being interpreted in a way that allows legal analysis. Of course, when Petitioner says that "[t]he Court misconstrued 14th Amd, liberty interest claim(s)," it sounds more like an assertion of "mistake," than "fraud," under Rule 60(b).[11] Dkt. No. 49. But, whether Petitioner's basis for relief is mistake or fraud, Petitioner's list of six grounds contains no detail, no analysis, and no real legal arguments.[12] He merely provides a cryptic list, then states the list itself "demonstrat[es] fraud on the court."[13] This is an inadequate request for a Rule 60(b) remedy and is therefore declined.

Under the heading of due process, Petitioner lists his deprivations as follows:

> (i) Denied opportunity to amend and remove 2254 claim(s) as a
> pro se with limited legal knowledge and resources. (ii) The denied
> petition included 2254 claim(s) and was not given an opportunity
> to amend and remove these improper claim(s). (iii) Todd is an
> incarcerated pro se petitioner with limited legal knowledge/access
> to resources to research, and to present these claim(s) properly
> before the court. (iv) Therein, Todd request[s] an opportunity to

---

[10] *Id.* (ellipses in original). Petitioner's reply brief, ECF No. 52, is much lengthier, but parties may not hold until reply arguments that should have been made in the initial petition or motion. In any event, the reply, while lengthy, is simply a mix of case citations and conclusory statements. The court cannot discern any fact-based argument that could provide relief.

[11] ECF No. 49.

[12] *Id.*

[13] *Id.*

present these claim(s) properly to this court in an amended petition in the interest of justice.[14]

The court reviews Petitioner's assertion that he was denied opportunity to amend and remove § 2254 claims from the petition in this action that he had labeled as brought under § 2241.[15] When Petitioner moved to amend his petition, the court granted it, together with the following instruction: "Any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2020); any claims about the execution of Petitioner's sentence should be brought under *id.* § 2241."[16] Even so, Petitioner labeled his amended petition as brought solely under § 2241.[17] When the court required Respondents to answer the Amended Petition, it stated, "The answer must consider whether the petition is more properly brought under 28 U.S.C.S. § 2254 (2020), and, if so, whether it is second or successive, *id.* § 2244."[18] Respondents' Answer argued that the Amended Petition indeed included both § 2241 and § 2254 claims and analyzed each set of claims accordingly.[19] The court's dismissal order here agreed that both § 2241 and § 2254 claims were brought here, analyzing each claim before disposing of them.[20]

The court's review of Petitioner's filings on the docket up through the dismissal order do not reveal a request by Petitioner that he be allowed to amend the petition to remove § 2254 claims. Also, the court never suggested it was necessary for Petitioner to file separate petitions to address § 2241 and § 2254 claims. Finally, Petitioner's § 2241 and § 2254 claims were

---

[14] ECF No. 49.
[15] *Id.*
[16] ECF No. 11.
[17] ECF No. 12.
[18] ECF No. 21.
[19] ECF No. 28.
[20] ECF No. 40.

sufficiently evaluated in the dismissal order, so that Petitioner's due-process argument is unfounded. The fact that the claims were included together in the Amended Petition and were analyzed within the same dismissal order did nothing to impede Petitioner's notice of what would be addressed in this action, nor Petitioner's opportunity to be fully heard on both sets of issues, under §§ 2241 and 2254. *See Lowther v. Child. Youth and Family Dep't*, 101 F.4th 742, 760 ("Due process typically requires notice and an opportunity to be heard . . . ." (citation modified).).

As for Petitioner's notice of what would be addressed in this action, he is the one who determined which issues were raised in his Amended Petition, and those were issues that then were addressed by the court.[21] It is true that, by merely insisting that the Amended Petition was brought under only § 2241, Petitioner could not control the fact that certain of his issues actually belonged and were assessed under § 2254. But, again, before he filed his Amended Petition, Petitioner was notified of the difference between § 2241 and § 2254 claims.

Based on all this, the court concludes that Petitioner has not met the Rule 60(b) threshold to receive relief from the judgment here. His motion is untimely. And he has not shown that fraud, mistake, lack of due process or any other defect undermined the judgment here--a judgment that was further upheld when, nearly three years ago, the Tenth Circuit Court of Appeals rejected Petitioner's request for a certificate of appealability.[22]

---

[21] ECF Nos. 12, 40.
[22] ECF Nos. 40, 47, 49.

**ORDER**

**IT IS THUS ORDERED** as follows:

**1.** Petitioner's motion for relief from judgment is **DENIED**.[23]

**2.** Petitioner's Motion for a Preliminary Injunction/Protective Order is **DENIED**.[24] This motion purported to "reserve the right to present argument on the prejudice and TRO . . . if the motion to set aside is granted."[25] But the motion to set aside judgment is denied above, rendering this motion for preliminary injunctive relief moot.[26] Further, Petitioner is mistaken if he believes that this court may here "correct an illegal sentence under Utah R. Crim. P. 22(e)" or "correct a clerical error under Utah R. Crim. P. 30(b)."[27] Also, if Petitioner seeks redress here for **a.** being "fired from his culinary position at USCF"; **b.** "interference with his legal mail"; or **c.** failure to protect, these types of claims must instead--if at all--be addressed in a civil-rights complaint.[28] Finally, issues in any other of Petitioner's past or present cases before this court are not properly considered here.

**3.** A certificate of appealability is **DENIED**.

**4.** The Clerk of Court shall send Petitioner a packet of information on filing *pro se* prisoner actions, along with a blank civil-rights complaint, should Petitioner wish to pursue other claims in a separate action.

---

[23] ECF No. 49.
[24] ECF No. 53.
[25] *Id.*
[26] ECF Nos. 49, 53.
[27] ECF No. 53.
[28] *Id.*

DATED this 21st day of May, 2026.

BY THE COURT:

DAVID BARLOW
United States District Judge